**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4578**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JOSE NOEL VILLALTA TREJO, a/k/a Elmer Rodriguez Vialta,
a/k/a Jose Noel Villailta Trejo, a/k/a Jose Trejo, a/k/a
Cleto Federico Trinin Hernandez,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T.S. Ellis, III, Senior
District Judge.  (1:14-cr-00061-TSE-1)

Submitted: March 3, 2015    Decided: March 10, 2015

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Patrick L.
Bryant, Appellate Attorney, Gul Raza Gharbieh, Assistant Federal
Public Defender, Alexandria, Virginia, for Appellant.  Dana J.
Boente, United States Attorney, Adam Ptashkin, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Noel Villalta Trejo appeals his 30-month sentence, imposed following his guilty plea to unlawful reentry after removal, in violation of 8 U.S.C. § 1326(a) (2012). In light of Trejo's prior conviction for an aggravated felony, he was subject to the 20-year statutory maximum set forth in 8 U.S.C. § 1326(b) (2012).

On appeal, Trejo claims that 8 U.S.C. "§ 1326(b) defines a separate, aggravated offense, and that, because [his] indictment did not allege a prior conviction, it charged only a violation of § 1326(a)." (Appellant's Br. at 8). He therefore argues that his 30-month sentence exceeds the 2-year statutory maximum set forth in § 1326(a), in violation of "his due process, grand jury, and jury trial rights under the Fifth and Sixth Amendments." (Id.).

This claim, as acknowledged by Trejo, is squarely foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998). See United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014) ("Almendarez-Torres remains good law, and we may not disregard it unless and until the Supreme Court holds to the contrary."), cert. denied, 135 S. Ct. 942 (2015); United States v. Graham, 711 F.3d 445, 455 (4th Cir.) ("[W]e are bound by Almendarez-

2

Torres unless and until the Supreme Court says otherwise."), cert. denied, 134 S. Ct. 449 (2013).

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED